**E-FILED**
Tuesday, 06 November, 2007  11:43:48 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CHARLES L. CHANDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 07-1296 |
| v. | ) | |
| | ) | |
| TAZEWELL COUNTY, ILLINOIS, an Illinois | ) | **JURY DEMAND** |
| Local Governmental Entity,  ROBERT HUSTON, | ) | |
| Sheriff of Tazewell County, Illinois  in His | ) | |
| Individual & Official Capacities; MICHAEL | ) | |
| HARPER, a Sergeant of the Tazewell County | ) | |
| Jail, in His Individual Capacity, JOEL BROWN, | ) | |
| a Jail Officer of the Tazewell County Jail, in His | ) | |
| Individual Capacity, ERIC RASMUSSEN, | ) | |
| a Jail Officer of the Tazewell County Jail, in His | ) | |
| Individual Capacity, and SCHAD MARTIN, | ) | |
| a Jail Officer of the Tazewell County Jail, in | ) | |
| His Individual Capacity | ) | |
| | ) | |
| Defendants. | ) | |

---

**COMPLAINT**

---

Now comes the Plaintiff, CHARLES L. CHANDLER, by RICHARD L. STEAGALL, his

attorney, complains of the Defendants, TAZEWELL COUNTY, ILLINOIS, an Illinois

Local Governmental Entity, ROBERT HUSTON, Sheriff of Tazewell County, Illinois, in His

Individual & Official Capacities; MICHAEL HARPER, a Sergeant of the Tazewell County

Jail, in His Individual Capacity, JOEL BROWN, a Jail Officer of the Tazewell County Jail, in

His Individual Capacity, ERIC RASMUSSEN, a Jail Officer of the Tazewell County Jail, in His

Individual Capacity and SCHAD MARTIN, a Jail Officer of the Tazewell County Jail, in

His Individual Capacity, for his claims states:

# I.
## Jurisdiction & Venue

1.      Jurisdiction to hear plaintiff's claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983, exists under 28 U.S.C. § 1343 (a)(4).  Supplemental jurisdiction to hear the state claims is founded under 28 U.S.C. § 1367 (a).

2.      Plaintiff is a resident of Tazewell County, Illinois.  The defendants are residents of Tazewell County, Illinois.  The events that are the subject of this action occurred in Tazewell County, Illinois.  Venue exists in this court under 28 U.S. C. § 1391 (b).  This case is assigned to the Peoria Division under Local Rule 40:1.

3.      The occurrences complained of occurred in the City of Pekin, County of Tazewell, and State of Illinois, on **November 6 & 7, 2006**.

# II.
## The Parties

4.      Plaintiff, Charles L. Chandler, "Chandler" is a resident of Tazewell County who was in detention after his arrest in the Tazewell County, Illinois Jail at the time of the occurrences.

5.      Defendant, Tazewell County, Illinois, is an Illinois Local Governmental Entity which is obligated to pay compensatory damages and may pay prevailing plaintiff attorney's fees for local governmental officers and employees acting in the scope of their employment. Tazewell County is joined as a necessary party defendant under Fed.R.Civ.Proc. 19.

6.      Defendant, Robert Huston, is the Sheriff of Tazewell County, Illinois, who was at all times material here acting under color of state law in the scope of his Office as Sheriff.  He is sued in his Individual and Official Capacities.

2

7.     Defendant, Michael Harper, was a Sergeant of the Tazewell County Jail, who at all times material here was acting under color of state law in the scope of his employment for the Sheriff of Tazewell County.  He is sued in his Individual Capacity.

8.     Defendant, Joel Brown, was a Jail Officer of the Tazewell County Jail, was at all times material here was acting under color of state law in the scope of his employment for the Sheriff of Tazewell County.  He is sued in his Individual Capacity.

9.     Defendant, Eric Rasmussen, a Jail Officer of the Tazewell County Jail, was at all times material here was acting under color of state law in the scope of his employment for the Sheriff of Tazewell County

10.     Defendant, Schad Martin, was a Jail Officer of the Tazewell County Jail, who was at all times material acting under color of state law in the scope of his employment for the Sheriff of Tazewell County. He is sued in his Individual Capacity.

### III.
### The Incidents

**A.     The Beating of the Handcuffed Chandler in the Jail Cell**

11.     On November 6, 2006, Chandler was arrested by Police Officers of Washington, Illinois for the offenses of aggravated battery and criminal damage to property and transported to Tazewell County, Illinois for detention on those charges.

12.     Chandler was booked for detention at the Tazewell County Jail at approximately 22:00 (10:00 p.m.) and taken in handcuffs to an individual cell by Sergeant Harper, Officer Brown, Officer Rasmussen, and Officer Martin.

3

13.     The Tazewell County Jail contains a video camera system recording images of all parts of the Jail including the individual jail cells.  The encounter between Chandler and the Sergeant and Officers in the jail cell after booking was recorded by a video.  That video was retained and duplicated by Jail Officers acting on behalf of Sheriff Huston.

14.     The jail cell to which Chandler was taken by the Sergeant and Officers contained a concrete slab with a sleeping pad on the top area used for sleeping.  A true still digital photograph of a frame of the video taken of this incident on the Tazewell County Jail video cameras showing Chandler taken by the Sergeant and Jail Officers toward the concrete pad is filed as Ex:1 [No. 3 of 56 still photographs from video.][1]

15.     Sergeant Harper, Officer Brown, Officer Rasmussen, and Officer Martin acted in concert under the supervision and participation of Sergeant Harper, who was the commanding officer and supervisor of Officers Brown, Rasmussen, and Martin.

16.     Sergeant Harper directed Officers, Brown, Rasmussen, and Martin to take Chandler by the handcuffs and place him face down on the concrete pad, which they did. Officers Brown, Rasmussen, and Martin with Sergeant Harper's participation held Chandler down, pulled his handcuffs up to shoulder and then proceeded to remove his clothing.  A true still digital photograph of a frame of the video showing Chandler face down with the handcuffs is filed as Ex:2 [No. 7 of the 56 still photographs from video.]

17.     Sergeant Harper, Officer Brown, Officer Rasmussen, and Officer Martin surrounded Chandler.  Officer Brown, Rasmussen, and Officer Martin under the direction of Sergeant Harper and with Sergeant Harper's participation held Chandler by the handcuffs with

---

[1] The 15 photographs that are exhibits are filed separately as Exhibits to Complaint.

4

his arms up to his shoulder, the Officers and Sergeant punched him in the ribs and body a number

of times and an Officer placed a knee on Chandler's face with the full weight of his body moving

up and down against Chandler's face and jaw while the other side was lodged against the

concrete.   While Chandler was being held in this position and beaten, the Officers removed his

clothes.

18.    True still digital photographs of 10 frames of the video showing the beating of

Chandler by Officers Brown, Rasmussen, and Martin under the direction of Sergeant Harper are

filed as Ex 3-12. [Nos. 9, 13, 16, 19, 24, 26, 28, 30, 36, 40 of the 56 still photographs from the

video.][2]

19.    The beating of Chandler by Officers  Brown, Rasmussen, and Martin under the

direction of and with the participation of Sergeant Harper continued until his clothes were

completely removed.

20.    After Chandler's clothes were removed and the beating ceased, Sergeant Harper,

Officer Brown, Officer Rasmussen, and Officer Martin under the direction of Sergeant Harper

backed away from Chandler who was laying on the concrete slab.  Blood was gushing from

Chandler's mouth and teeth that had been extracted from Chandler's mouth during the beating

were on the concrete slab.  A true still digital photograph of frames of the video showing

Chandler on the concrete slab after the beating ceased is filed as Ex:14 &15. [No. 46, 56 of the

56 photographs from the video].

---

[2] Ex:3-11, 14-15 have been edited to cover Chandler's genitals from the photographs in the public record. The video received from the State's Attorney of Tazewell County, the 56 still photographs prepared from the video by plaintiff's counsel, and the unedited versions of Ex: Ex:3-11, 14-15 are in the possession of plaintiff's attorney and available to defense counsel for inspection and duplication or presentation to the court if required.

21.     The beating Chandler endured fractured his left 8th and 9th ribs, fractured 12 teeth in his upper right jaw and 6 teeth in his lower right jaw, fractured his upper and lower jaws, inflicted lacerations, contusions, and muscle spasms.  The upper and lower jaw fractures occurring in the beating required insertion of surgical plates with locking screws on the left and right bodies of the jaw with damage to the left medial nerve and right alveolar nerve shown in numbness of the areas of the face and jaw controlled by those nerves.

**B.     Denial of Necessary Medical Care to Treat Chandler's Severe Injuries**

22.     The beating ceased shortly after he was booked at the Tazewell County Jail at approximately 22:00 hours on November 6, 2006.  Chandler remained in the Tazewell County Jail for approximately 22 hours until his release on November 7, 2006 at approximately 20:00 hours.  Upon Chandler's release from the Tazewell County Jail, his father took him to the emergency room; he was admitted to the Methodist Medical Center emergency room at 21:48 hours on November 7, 2006 where his severe injuries specified in ¶ 21 above were diagnosed.

23.     It was readily apparent to any reasonable person who observed Chandler during his 22 hour incarceration at the Tazewell County Jail on November 6-7, 2006 that he had suffered serious injuries which required medical treatment.  The still digital photograph of the frame of the video showing Chandler on the concrete slab after the beating ceased that is Ex: 14 & 15 accurately depicts Chandler's condition at that time and depicts the severity of his injuries observable during the 22 hours following at the Tazewell County Jail.  His condition remained the same, except that the bleeding eventually clotted.

24.     Sergeant Harper, Officer Brown, Officer Rasmussen, and Officer Martin and all other jail officers who observed Chandler during the 22 hours of his incarceration after the

beating at the Tazewell County Jail on November 6-7, 2006 knew that Chandler had suffered serious injuries which required medical treatment. Notwithstanding that knowledge, Sergeant Harper, Officer Brown, Officer Rasmussen, and Officer Martin and all other jail officers who observed Chandler intentionally or with deliberate indifference to Chandler's serious injuries requiring medical treatment refused to arrange for medical treatment by the nurse at the Tazewell County Jail and transport to an emergency room for treatment of those injuries.

25.    There was a nurse at the Tazewell County Jail during the 22 hours Chandler remained incarcerated there after the beating. Chandler asked her for medical treatment when she observed him and the nurse refused to treat him or arrange for his transport to an emergency room.

### C.    Policy of Tazewell County Sheriff

26.    Sheriff Huston is the occupant of that Office and is the person with final policy making authority for the Sheriff's Office for law enforcement activities and operation of the Tazewell County Jail.

27.    Chandler was exhibiting signs of intoxication, impaired judgment, and symptoms requiring a psychological assessment on his booking at the Tazewell County Jail, behavior which would be classified as such by any reasonable Jail Officer or Nurse following the accepted practices of operation of Jail and providing of correctional medical care for Jail Officers and Jail medical personnel.

28.    Sheriff Huston acting under color of state law had a custom or policy of deliberate indifference to the necessity of identification of detainees and prisoners with impaired functions or behaviors and handling those detainees and prisoners with such conditions in a manner that

recognized their condition and responding practices to ensure those persons with such conditions were recognized and addressed to avoid any necessity of use of unnecessary and excessive force against such persons because of misunderstandings arising from their impaired condition. The absence of such policy was in deliberate indifference of the need for such policy and was a moving factor in the deprivation of Chandler's constitutional right specifically alleged in Part III A above and Part IV B 1 below.

29.     Sheriff Huston acting under color of state law had a custom or policy in the operation of the Tazewell County Jail of deliberate indifference to providing necessary medical care to detainees and prisoners with serious medical conditions in need of medical care specifically alleged in Part III B above and Part IV B below.

## IV.
## Plaintiff's Claims

### A.      Constitutional & Statutory Provisions Involved

30.     At all times material, there was in full force and effect in the United States of America, the following provision of the Constitution of the United States.

### Amendment XIV

**Section 1.** ... nor shall any State deprive any person of life, liberty, or property without due process of law; ...

31.     At all times material, there was in full force and effect in the United States of America a certain statute commonly referred to as the Civil Rights Act of 1871, 42 U.S.C: § 1983 which provided:

8

**§ 1983 Civil Action for Deprivation of Rights**

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileged or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress...

**B.    Federal Claims**

**1.    Excessive Force**

32.    Chandler's interest in bodily integrity is a part of the liberty interest of being free from excessive force while confined as a pre-trial detainee protected by the substantive guaranty of due process of law of the Fourteenth Amendment.

33.    Sergeant Harper, Jail Officer Brown, Jail Officer Rasmussen, and Jail Officer Martin while acting under color of state law intentionally or with deliberate indifference deprived Chandler of his right to be free from excessive force by the beating inflicted on him occurring at the direction of Sergeant Harper and his participation along with Jail Officer Brown, Rasmussen, and Martin who each participated in that beating as alleged in Part III A ¶ 12-20 depicted in Ex:1-15.

34.    The policy of Sheriff Huston of deliberate indifference while acting under color of state law specifically alleged in Part III C ¶ 28 was a moving factor in the deprivation of Chandler's constitutional rights by Sergeant Harper and Officers Brown, Rasmussen, and Martin specifically alleged in ¶ 33 above or itself was a deprivation of Chandler's constitutional rights and a moving factor in the conduct of Sergeant Harper and Officers Brown, Rasmussen, and Martin specifically alleged in ¶ 33 above.

### 2. Denial of Necessary Medical Care

35.    Sergeant Harper, Jail Officer Brown, Jail Officer Rasmussen, and Jail Officer Martin while acting under color of state law deprived Chandler of his liberty interest in bodily integrity by their deliberate indifference in refusing Chandler the necessary medical care his serious injuries inflicted on him during the beating as specifically alleged in Part III B ¶ 24 that was readily apparent to any reasonable observer as shown in Ex:14 &15 by refusing to arrange for medical treatment by the Tazewell County nurse and/or to arrange for his transport to an emergency room of a hospital for treatment.

36.    The policy of Sheriff Huston acting under color of state law of deliberate indifference to the necessity of providing detainees and prisoners with necessary medical treatment specifically alleged in Part IV ¶ 29 above was a moving factor in the denial of necessary medical care to Chandler during the 22 hour period of his incarceration on November 6-7, 2006 at the Tazewell County Jail after his beating until his release by Sergeant Harper, Jail Officer Brown, Jail Officer Rasmussen, and Jail Officer Martin specifically alleged in ¶ 35 above and by the Tazewell County Jail nurse as alleged in Part III C, ¶ 25.

### C. State Claims

#### 1. Sergeant Harper, Jail Officer Brown, Jail Officer Rasmussen, and Jail Officer Martin

37.    The conduct of Sergeant Harper, Jail Officer Brown, Jail Officer Rasmussen, and Jail Officer Martin in Part III A ¶ 12-20 depicted in Ex:1-15 is a common law battery and/or the willful and wanton use of force that inflicted injury on Chandler.

10

38.    The conduct of Sergeant Harper, Jail Officer Brown, Jail Officer Rasmussen, and Jail Officer Martin alleged in Part III B specifically alleged in Part III B ¶ 24 that was readily apparent to any reasonable observer as shown in Ex:14 &15 by refusing to arrange for medical treatment by the Tazewell County nurse and/or to arrange for his transport to an emergency room of a hospital for treatment was the intentional or willful and wanton refusal to provide such medical treatment to Chandler.

### 2.    Respondeat Superior

39.    Sergeant Harper, Jail Officer Brown, Jail Officer Rasmussen, and Jail Officer Martin were acting in the scope of their employment for Sheriff Huston when they engaged in the conduct alleged in ¶ 37 & 38 above.

40.    The other jail employees and/or Tazewell County Jail nurse who observed Chandler in the condition depicted in Ex:14 & Ex:15 and later when the bleeding had ceased intentionally or willfully and wantonly denying Chandler the medical treatment of his serious injuries readily apparent to any reasonable observer required as specifically alleged in Part III B ¶ 24 & 25 were acting in the scope of their employment for Sheriff Huston.

41.    Sheriff Huston is liable for the conduct of his employees acting in the scope of his employment under the common law doctrine of respondeat superior.

### 3.    Section 9-102 of the Illinois Local Governmental Tort Immunity Act

42.    Tazewell County, Illinois is the local governmental taxing body that provides the funds for operation of the Sheriff's Department which is responsible for payment of the federal and state claims for compensatory damages and prevailing attorney's fees under Section 9-102 of the Illinois Local Governmental Tort Immunity Act. 745 ILCS 10/9-102 (2006).

11

## V.

### Relief Sought

43.     As a direct and proximate result of the foregoing conduct of Sergeant Harper, Officer Brown, Officer Rasmussen, and Officer Martin in the severe beating of Chandler alleged in Part III A and Part IV B 1, C 1, in which the policy of deliberate indifference of Sheriff Huston alleged in Part III C B 1 was a moving factor and for which he is liable on the state claims under respondeat superior, Chandler suffered fractures of his left 8th and 9th ribs, fractured 12 teeth in his upper right jaw and 6 teeth in his lower right jaw, fractured his upper and lower jaws, inflicted lacerations, contusions, and muscle spasms; the upper and lower jaw fractures occurring in the beating required insertion of surgical plates with locking screws on the left and right bodies of the jaw with damage to the left medial nerve and right alveolar nerve; further plaintiff has incurred in the past $35,518.62 in medical bills including dental work to be performed as soon as possible and will in the future incur medical and psychological bills to treat his injuries including the likelihood of several future surgeries and future psychological treatment; further plaintiff has in the past and will in the future endure great physical pain and suffering and mental distress requiring psychological treatment; further plaintiff has in the past and will in the future lose income from the disability from the injuries and mental distress and treatment; further plaintiff has in the past and will in the future be disabled from such injuries and the mental distress.

44.     As a direct and proximate result of the denial of necessary medical treatment by defendants, Sergeant Harper, Officer Brown, Officer Rasmussen, and Officer Martin and other Jail Officers and the nurse at the Tazewell County Jail alleged in Part III B, Part IV B 2, and Part

IV C 2 in which the policy of Sheriff Huston was a moving factor as alleged in Part III C, Part IV

B 2 and for which he is liable under respondeat superior, Chandler has endured extreme physical

pain and suffering with mental distress in the 22 hours he was not provided with medical

attention after his beating on November 6, 2006 until his release on November 7, 2006.

46.    The conduct of the defendants, Sergeant Harper, Officer Brown, Officer

Rasmussen, and Officer Martin is such that for the purposes of punishment and by way of

example, Chandler is entitled to an award of punitive damages.

47.    Chandler has in the past and will in the future incur attorneys fees and expenses in

prosecuting this action for which he is entitled to an award as a prevailing plaintiff as a part of

costs under 42 U.S.C. § 1988.

## VI.
### Prayer for Relief

**WHEREFORE**, Plaintiff, CHARLES L. CHANDLER, prays for judgment against the

Defendants, in the following particulars:

1.    For compensatory damages in favor of the Plaintiff, CHARLES L. CHANDLER
and against the Defendants, TAZEWELL COUNTY, ILLINOIS, an Illinois
Local Governmental Entity,  ROBERT HUSTON, Sheriff of Tazewell County,
Illinois, in His Individual & Official Capacities; MICHAEL HARPER, a Sergeant
of the Tazewell CountyJail, in His Individual Capacity, JOEL BROWN, a Jail
Officer of the Tazewell County Jail, in His Individual Capacity, ERIC
RASMUSSEN, a Jail Officer of the Tazewell County Jail, in His Individual
Capacity and SCHAD MARTIN, a Jail Officer of the Tazewell County Jail, in His
Individual Capacity, in the amount of FIVE MILLION DOLLARS ($5,000,000).

13

2.      For punitive damages in favor of the Plaintiff, CHARLES L. CHANDLER, MICHAEL HARPER, a Sergeant of the Tazewell CountyJail, in His Individual Capacity, JOEL BROWN, a Jail Officer of the Tazewell County Jail, in His Individual Capacity, ERIC RASMUSSEN, a Jail Officer of the Tazewell County Jail, in His Individual Capacity and SCHAD MARTIN, a Jail Officer of the Tazewell County Jail, in His Individual Capacity in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000) against each Defendant.

3.      An award of Plaintiff's attorney's fees and expenses incurred in prosecuting this action as a part of costs under 42 U.S.C. § 1988.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,


s/ Richard L. Steagall
RICHARD L. STEAGALL,
Attorney for the Plaintiff


| | |
|---|---|
| RICHARD L. STEAGALL | MARK E. WERTZ |
| Nicoara & Steagall | Vonachen, Lawless, Trager |
| 416 Main Street, Suite 815 | & Slevin |
| Commerce Building | 456 Fulton Street, Suite 425 |
| Peoria, IL 61602-1115 | Peoria, IL 61602-1115 |
| Tel: (309) 674-6085 | Tel: (309) 676-8986 |
| Fax: (309) 674-6032 | Fax: (309) 676-4130 |
| E-mail nicsteag@mtco.com | E-mail mwertz@vltslaw.com |

14

JS 44 – (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CHARLES L. CHANDLER

**DEFENDANTS**

TAZEWELL COUNTY, ILLINOIS et al See Attached

(b) County of Residence of First Listed Plaintiff    **Tazewell, Illinois**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    **Tazewell, Illinois**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Richard L. Steagall, Nicoara & Steagall, 416 Main Street, Suite 815, Commerce Building, Peoria, IL 61602-1115 Tel: (309) 674-6085; E-mail nicsteag@mtco.com

Attorneys (If Known)
Mark E. Wertz, Vonachen, Lawless, Trager, & Slevin, 456 Fulton Street, Suite 425, Peoria, IL 61602 Tel: (309) 674-8986 E-mail mwertz@vltslaw.com

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | X 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | X 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| X 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. § 1983

Brief description of cause:
Excessive Force & Denial of Medical Care to Plaintiff Jail Detainee

**VII. REQUESTED IN COMPLAINT:**    ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23      **DEMAND $**  $5,300,000    CHECK YES only if demanded in complaint:
**JURY**    X Yes    ☐ No

**VIII. RELATED CASE(S) IF ANY**    (See instructions):    JUDGE                DOCKET NUMBER

DATE                SIGNATURE OF ATTORNEY OF RECORD
**November 5, 2007**        **s/ Richard L. Steagall**

## FOR OFFICE USE ONLY

RECEIPT _____    AMOU _____    APPLYING _____    JUDGE _____    MAG. _____

JS 44 Reverse  (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example:    U.S. Civil Statute: 47 USC 553
                                            Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**Defendants:**

 TAZEWELL COUNTY, ILLINOIS, an Illinois
Local Governmental Entity,

ROBERT HUSTON, Sheriff of Tazewell County, Illinois  in His
Individual & Official Capacities;

MICHAEL HARPER, a Sergeant of the Tazewell County
Jail in His Individual Capacity,

JOEL BROWN, a Jail Officer of the Tazewell County Jail
 in his Individual Capacity,

ERIC RASMUSSEN, a Jail Officer of the Tazewell County Jail
in his Individual Capacity

SCHAD MARTIN, a Jail Officer of the Tazewell County Jail in
his Individual Capacity