E-FILED
Monday, 31 March, 2008  05:32:13 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CHARLES L. CHANDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07-1296 |
| | ) | |
| TAZEWELL COUNTY, ILLINOIS, an Illinois | ) | |
| Local Governmental Entity,  ROBERT HUSTON, | ) | |
| Sheriff of Tazewell County, Illinois  in His | ) | |
| Individual & Official Capacities; MICHAEL | ) | |
| HARPER, a Sergeant of the Tazewell County | ) | |
| Jail, in His Individual Capacity, JOEL BROWN, | ) | |
| a Jail Officer of the Tazewell County Jail, in His | ) | |
| Individual Capacity, ERIC RASMUSSEN, | ) | |
| a Jail Officer of the Tazewell County Jail, in His | ) | |
| Individual Capacity, and SCHAD MARTIN, | ) | |
| a Jail Officer of the Tazewell County Jail, in | ) | |
| His Individual Capacity | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED COMPLAINT

Now comes the Plaintiff, CHARLES L. CHANDLER, by RICHARD L. STEAGALL, his

attorney, complains of the Defendants, TAZEWELL COUNTY, ILLINOIS, an Illinois

Local Governmental Entity, ROBERT HUSTON, Sheriff of Tazewell County, Illinois, in His

Individual & Official Capacities, MICHAEL HARPER, a Sergeant of the Tazewell County

Jail, in His Individual Capacity, JOEL BROWN, a Jail Officer of the Tazewell County Jail, in

His Individual Capacity, ERIC RASMUSSEN, a Jail Officer of the Tazewell County Jail, in His

Individual Capacity, and SCHAD MARTIN, a Jail Officer of the Tazewell County Jail, in

His Individual Capacity, for his claims states:

# I.
## Jurisdiction & Venue

1.    Jurisdiction to hear plaintiff's claims under the Civil Rights Act of 1871, 42 U.S.C. § 1983, exists under 28 U.S.C. § 1343 (a)(4).  Supplemental jurisdiction to hear the state claims is founded under 28 U.S.C. § 1367 (a).

2.    Plaintiff is a resident of Tazewell County, Illinois.  The defendants are residents of Tazewell County, Illinois.  The events that are the subject of this action occurred in Tazewell County, Illinois.  Venue exists in this court under 28 U.S. C. § 1391 (b).  This case is assigned to the Peoria Division under Local Rule 40:1.

3.    The occurrences complained of occurred in the City of Pekin, County of Tazewell, and State of Illinois, on **November 6 & 7, 2006**.

# II.
## The Parties

4.    Plaintiff, Charles L. Chandler, "Chandler" is a resident of Tazewell County who was in detention after his arrest in the Tazewell County, Illinois, Jail at the time of the occurrences.

5.    Defendant, Tazewell County, Illinois, is an Illinois Local Governmental Entity, which is obligated to pay compensatory damages and may pay prevailing plaintiff attorney's fees for local governmental officers and employees acting in the scope of their employment. Tazewell County is joined as a necessary party defendant under Fed.R.Civ.Proc. 19.

6.    Defendant, Robert Huston, is the Sheriff of Tazewell County, Illinois, who was at all times material here acting under color of state law in the scope of his Office as Sheriff.  He is sued in his Individual and Official Capacities.

2

7.     Defendant, Michael Harper, was a Sergeant of the Tazewell County Jail, who at all times material here was acting under color of state law in the scope of his employment for the Sheriff of Tazewell County.  He is sued in his Individual Capacity.

8.     Defendant, Joel Brown, was a Jail Officer of the Tazewell County Jail, who at all times material here was acting under color of state law in the scope of his employment for the Sheriff of Tazewell County.  He is sued in his Individual Capacity.

9.     Defendant, Eric Rasmussen, a Jail Officer of the Tazewell County Jail, who at all times material here was acting under color of state law in the scope of his employment for the Sheriff of Tazewell County

10.     Defendant, Schad Martin, was a Jail Officer of the Tazewell County Jail, who at all times material here was acting under color of state law in the scope of his employment for the Sheriff of Tazewell County.  He is sued in his Individual Capacity.

### III.
### The Incidents

**A.     The Beating of the Handcuffed Chandler in the Jail Cell**

11.     On November 6, 2006, Chandler was arrested by Police Officers of Washington, Illinois, for the offenses of aggravated battery and criminal damage to property and transported to Tazewell County, Illinois for detention on those charges.

12.     Chandler was booked for detention at the Tazewell County Jail at approximately 22:00 (10:00 p.m.) and taken in handcuffs to an individual cell by Sergeant Harper, Officer Brown, Officer Rasmussen, and Officer Martin.

13.     The Tazewell County Jail contains a video camera system recording images of all

3

parts of the Jail including the individual jail cells.  The encounter between Chandler and the

Sergeant and Officers in the jail cell after booking was recorded by a video.  That video was

retained and duplicated by Jail Officers acting on behalf of Sheriff Huston.[1]

14.     The jail cell to which Chandler was taken by the Sergeant and Officers contained

a concrete slab with a sleeping pad on the top area used for sleeping.  A true still digital

photograph of a frame of the video taken of this incident on the Tazewell County Jail video

cameras showing Chandler taken by the Sergeant and Jail Officers toward the concrete pad is

filed as Ex:1 [No. 3 of 56 still photographs from video.][2]

15.     Sergeant Harper, Officer Brown, Officer Rasmussen, and Officer Martin acted in

concert under the supervision and participation of Sergeant Harper, who was the commanding

officer and supervisor of Officers Brown, Rasmussen, and Martin.

16.     Sergeant Harper directed Officers, Brown, Rasmussen, and Martin to take

Chandler by the handcuffs and place him face down on the concrete pad, which they did.

Officers Brown, Rasmussen, and Martin with Sergeant Harper's participation held Chandler

down, pulled his handcuffs up to shoulder and then proceeded to remove his clothing.  A true

still digital photograph of a frame of the video showing Chandler face down with the handcuffs is

filed as Ex:2 [No. 7 of the 56 still photographs from video.]

17.     Sergeant Harper, Officer Brown, Officer Rasmussen, and Officer Martin

surrounded Chandler.  Officers Brown, Rasmussen, and Martin under the direction of Sergeant

---

[1] *Plaintiff has italicized the portions of the amended complaint that have been changed from the complaint.*

[2] *The 15 photographs that are exhibits are filed separately as Exhibits to Complaint and also filed as Exhibits to this Amended Complaint.*

4

Harper and with Sergeant Harper's participation held Chandler by the handcuffs with his arms up

to his shoulder, the Officers and Sergeant punched him in the ribs and body a number of times

and an Officer placed a knee on Chandler's face with the full weight of his body moving up and

down against Chandler's face and jaw while the other side was lodged against the concrete.

While Chandler was being held in this position and beaten, the Officers removed his clothes.

18.    True still digital photographs of 10 frames of the video showing the beating of

Chandler by Officers Brown, Rasmussen, and Martin under the direction of Sergeant Harper are

filed as Ex 3-12. [Nos. 9, 13, 16, 19, 24, 26, 28, 30, 36, 40 of the 56 still photographs from the

video.][3]

19.    The beating of Chandler by Officers  Brown, Rasmussen, and Martin under the

direction of and with the participation of Sergeant Harper continued until *Chandler's* clothes

were completely removed.

20.    After Chandler's clothes were removed and the beating ceased, Sergeant Harper,

Officer Brown, Officer Rasmussen, and Officer Martin under the direction of Sergeant Harper

backed away from Chandler who was laying on the concrete slab.  Blood was gushing from

Chandler's mouth and teeth that had been extracted from Chandler's mouth during the beating

were on the concrete slab.  A true still digital photograph of frames of the video showing

Chandler on the concrete slab after the beating ceased is filed as Ex:14 &15. [No. 46, 56 of the

56 photographs from the video].

---

[3] Ex:3-11, 14-15 have been edited to cover Chandler's genitals from the photographs in
the public record. The video received from the State's Attorney of Tazewell County, the 56 still
photographs prepared from the video by plaintiff's counsel, and the unedited versions of Ex:
Ex:3-11, 14-15 are in the possession of plaintiff's attorney and available to defense counsel for
inspection and duplication or presentation to the court if required.

21.    The beating Chandler endured fractured his left 8th and 9th ribs, fractured 12 teeth in his upper right jaw and 6 teeth in his lower right jaw, fractured *both of his* lower jaws, inflicted lacerations, contusions, and muscle spasms.  The jaw fractures occurring in the beating required insertion of surgical plates with locking screws on the left and right bodies of the jaw with damage to the left medial nerve and right alveolar nerve shown in numbness of the areas of the face and jaw controlled by those nerves.

**B.    Denial of Necessary Medical Care to Treat Chandler's Severe Injuries**

22.    The beating ceased shortly after he was booked at the Tazewell County Jail at approximately 22:00 hours on November 6, 2006.  Chandler remained in the Tazewell County Jail for approximately 22 hours until his release on November 7, 2006 at approximately 20:00 hours.  Upon Chandler's release from the Tazewell County Jail, his father took him to the emergency room; he was admitted to the Methodist Medical Center emergency room at 21:48 hours on November 7, 2006 where his severe injuries specified in ¶ 21 above were diagnosed.

23.    It was readily apparent to any reasonable person who observed Chandler during his 22 hour incarceration at the Tazewell County Jail on November 6-7, 2006 that he had suffered serious injuries which required medical treatment.  The still digital photograph of the frame of the video showing Chandler on the concrete slab after the beating ceased that is Ex: 14 & 15 accurately depicts Chandler's condition at that time and depicts the severity of his injuries observable during the 22 hours following at the Tazewell County Jail.  His condition remained the same, except that the bleeding eventually clotted.

24.    Sergeant Harper, Officer Brown, Officer Rasmussen, and Officer Martin and all other jail officers who observed Chandler during the 22 hours of his incarceration after the

6

beating at the Tazewell County Jail on November 6-7, 2006 knew that Chandler had suffered serious injuries which required medical treatment. Notwithstanding that knowledge, Sergeant Harper, Officer Brown, Officer Rasmussen, and Officer Martin and all other jail officers who observed Chandler intentionally or with deliberate indifference to Chandler's serious injuries requiring medical treatment refused to arrange for medical treatment by the nurse at the Tazewell County Jail and transport him to an emergency room for treatment of those injuries.

25.    There was a nurse at the Tazewell County Jail during the 22 hours Chandler remained incarcerated there after the beating. Chandler asked her for medical treatment when she observed him and the nurse intentionally refused to treat him or arrange for his transport to an emergency room.

### C.    Policy of Tazewell County Sheriff

26.    Sheriff Huston is the occupant of that Office and is the person with final policy making authority for the Sheriff's Office for law enforcement activities and operation of the Tazewell County Jail.

27.    Chandler was exhibiting signs of intoxication, impaired judgment, and symptoms requiring a psychological assessment on his booking at the Tazewell County Jail, behavior which would be classified as such by any reasonable Jail Officer or Nurse following the accepted practices of operation of Jail and providing of correctional medical care for Jail Officers and Jail medical personnel.

28.    Sheriff Huston acting under color of state law had a custom or policy of deliberate indifference to the necessity of identification of detainees and prisoners with impaired functions or behaviors and handling those detainees and prisoners with such conditions in a manner that

recognized their condition and responding practices to ensure those persons with such conditions were recognized and addressed to avoid any necessity of use of unnecessary and excessive force against such persons because of misunderstandings arising from their impaired condition.  The absence of such policy was in deliberate indifference of the need for such policy and was a moving factor in the deprivation of Chandler's constitutional right specifically alleged in Part III A above and Part IV B 1 below.

29.     Sheriff Huston acting under color of state law had a custom or policy in the operation of the Tazewell County Jail of deliberate indifference to providing necessary medical care to detainees and prisoners with serious medical conditions in need of medical care specifically alleged in Part III B above and Part IV B below.

*30.     Sheriff Huston, as the final policy making agent of the Office of Sheriff of Tazewell County, Illinois, was deliberately indifferent to the excessive use of force against restrained  prisoners, which is confirmed by his approval and ratification of the conduct of Sergeant Harper, Officer Brown, Officer Rasmussen, and Officer Martin with full knowledge of the their conduct shown on the video of their encounter with Chandler.*

### IV.
### Plaintiff's Claims

### A.     Constitutional & Statutory Provisions Involved

*31.*     At all times material, there was in full force and effect in the United States of America, the following provision of the Constitution of the United States.

### Amendment XIV

**Section 1.** ... nor shall any State deprive any person of life, liberty, or property without due process of law; ...

*32.*    At all times material, there was in full force and effect in the United States of America a certain statute commonly referred to as the Civil Rights Act of 1871, 42 U.S.C: § 1983 which provided:

**§ 1983 Civil Action for Deprivation of Rights**

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileged or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress...

**B.    Federal Claims**

**1.    Excessive Force**

*33.*    Chandler's interest in bodily integrity is a part of the liberty interest of being free from excessive force while confined as a pre-trial detainee protected by the substantive guaranty of due process of law of the Fourteenth Amendment.

*34.*    Sergeant Harper, Jail Officer Brown, Jail Officer Rasmussen, and Jail Officer Martin while acting under color of state law intentionally or with deliberate indifference deprived Chandler of his right to be free from excessive force by the beating inflicted on him occurring at the direction of Sergeant Harper and his participation along with Jail Officer Brown, Rasmussen, and Martin, who each participated in that beating as alleged in Part III A ¶ 12-20 depicted in Ex:1-15.

*35.*    The policy of Sheriff Huston of deliberate indifference while acting under color of state law specifically alleged in Part III C ¶ *28 & 30* was a moving factor in the deprivation of Chandler's constitutional rights by Sergeant Harper and Officers Brown, Rasmussen, and Martin,

9

specifically alleged in ¶ *34* above or itself was a deprivation of Chandler's constitutional rights and a moving factor in the conduct of Sergeant Harper and Officers Brown, Rasmussen, and Martin specifically alleged in ¶ *34* above.

### 2.    Denial of Necessary Medical Care

*36.*    Sergeant Harper, Jail Officer Brown, Jail Officer Rasmussen, and Jail Officer Martin while acting under color of state law deprived Chandler of his liberty interest in bodily integrity by their deliberate indifference in refusing Chandler the necessary medical care his serious injuries inflicted on him during the beating as specifically alleged in Part III B ¶ 24 that was readily apparent to any reasonable observer as shown in Ex:14 &15 by refusing to arrange for medical treatment by the Tazewell County nurse and/or to arrange for his transport to an emergency room of a hospital for treatment.

*37.*    The policy of Sheriff Huston acting under color of state law of deliberate indifference to the necessity of providing detainees and prisoners with necessary medical treatment specifically alleged in Part IV ¶ 29 above was a moving factor in the denial of necessary medical care to Chandler during the 22 hour period of his incarceration on November 6-7, 2006 at the Tazewell County Jail after his beating until his release by Sergeant Harper, Jail Officer Brown, Jail Officer Rasmussen, and Jail Officer Martin specifically alleged in ¶ 35 above and by the Tazewell County Jail nurse as alleged in Part III C, ¶ 25.

### C.    State Claims

### 1.    Sergeant Harper, Jail Officer Brown, Jail Officer Rasmussen, and Jail Officer Martin

*38.*    The conduct of Sergeant Harper, Jail Officer Brown, Jail Officer Rasmussen, and

Jail Officer Martin in Part III A ¶ 12-20 depicted in Ex:1-15 is a common law battery and/or the willful and wanton use of force that inflicted injury on Chandler.

39.    The conduct of Sergeant Harper, Jail Officer Brown, Jail Officer Rasmussen, and Jail Officer Martin *specifically alleged* in Part III B ¶ 24 that was readily apparent to any reasonable observer as shown in Ex:14 &15 by refusing to arrange for medical treatment by the Tazewell County nurse and/or to arrange for his transport to an emergency room of a hospital for treatment was the intentional or willful and wanton refusal to provide such medical treatment to Chandler.

### 2.    *Sheriff Huston*

*40.    Sheriff Huston with full knowledge of the battery of Sergeant Harper, Jail Officer Brown, Jail Officer Rasmussen, and Jail Officer Martin specifically alleged in Part III A ¶ 12-20 depicted in Ex:1-15 gained from the video specifically approved and ratified the battery of the Sergeant and Jail Officers on Chandler.*

*41.    Sheriff Huston with full knowledge of the conduct of Sergeant Harper, Jail Officer Brown, Jail Officer Rasmussen, and Jail Officer Martin specifically alleged in Part III B ¶ 24 that was readily apparent to any reasonable observer as shown in Ex:14 &15 by refusing to arrange for medical treatment by the Tazewell County nurse and/or to arrange for his transport to an emergency room of a hospital for treatment approved and ratified the intentional or willful and wanton refusal to provide medical treatment to Chandler in the 22 hours he remained in the Tazewell County Jail after he suffered his injuries.*

### 3.    Respondeat Superior

42.    Sergeant Harper, Jail Officer Brown, Jail Officer Rasmussen, and Jail Officer Martin were acting in the scope of their employment for Sheriff Huston when they engaged in the

conduct alleged in ¶ 37 & 38 above.

*43.*    The other jail employees and/or Tazewell County Jail nurse who observed Chandler in the condition depicted in Ex:14 & Ex:15 and later when the bleeding had ceased intentionally or willfully and wantonly denying Chandler the medical treatment of his serious injuries readily apparent to any reasonable observer required as specifically alleged in Part III B ¶ 24 & 25 were acting in the scope of their employment for Sheriff Huston.

*44.*    Sheriff Huston is liable for the conduct of his employees acting in the scope of his employment under the common law doctrine of respondeat superior.

### 3.    Section 9-102 of the Illinois Local Governmental Tort Immunity Act

*45.*    Tazewell County, Illinois is the local governmental taxing body that provides the funds for operation of the Sheriff's Department which is responsible for payment of the federal and state claims for compensatory damages and prevailing attorney's fees under Section 9-102 of the Illinois Local Governmental Tort Immunity Act. 745 ILCS 10/9-102 (2006).

### V.
### Relief Sought

*46.*    As a direct and proximate result of the foregoing conduct of Sergeant Harper, Officer Brown, Officer Rasmussen, and Officer Martin in the severe beating of Chandler alleged in Part III A and Part IV B 1, C 1, in which the policy of deliberate indifference of Sheriff Huston alleged in Part III C B 1 was a moving factor and for which he is liable on the state claims under respondeat superior, Chandler suffered fractures of his left 8th and 9th ribs, fractured 12 teeth in his upper right jaw and 6 teeth in his lower right jaw, fractured *both of his* lower jaws, inflicted lacerations, contusions, and muscle spasms; the lower jaw fractures occurring in the beating

required insertion of surgical plates with locking screws on the left and right bodies of the jaw with damage to the left medial nerve and right alveolar nerve; further plaintiff has incurred in the past $35,518.62 in medical bills including dental work to be performed as soon as possible and will in the future incur medical and psychological bills to treat his injuries including the likelihood of several future surgeries and future psychological treatment; further plaintiff has in the past and will in the future endure great physical pain and suffering and mental distress requiring psychological treatment; further plaintiff has in the past and will in the future lose income from the disability from the injuries and mental distress and treatment; further plaintiff has in the past and will in the future be disabled from such injuries and the mental distress.

47.     As a direct and proximate result of the denial of necessary medical treatment by defendants, Sergeant Harper, Officer Brown, Officer Rasmussen, and Officer Martin and other Jail Officers and the nurse at the Tazewell County Jail alleged in Part III B, Part IV B 2, and Part IV C 2 in which the policy of Sheriff Huston was a moving factor as alleged in Part III C, Part IV B 2 and for which he is liable under respondeat superior, Chandler has endured extreme physical pain and suffering with mental distress in the 22 hours he was not provided with medical attention after his beating on November 6, 2006 until his release on November 7, 2006.

48.     The conduct of the defendants, *Sheriff Huston*, Sergeant Harper, Officer Brown, Officer Rasmussen, and Officer Martin is such that for the purposes of punishment and by way of example, Chandler is entitled to an award of punitive damages.

49.     Chandler has in the past and will in the future incur attorneys fees and expenses in prosecuting this action for which he is entitled to an award as a prevailing plaintiff as a part of costs under 42 U.S.C. § 1988.

13

## VI.
## Prayer for Relief

**WHEREFORE**, Plaintiff, CHARLES L. CHANDLER, prays for judgment against the

Defendants, in the following particulars:

1. For compensatory damages in favor of the Plaintiff, CHARLES L. CHANDLER and against the Defendants, TAZEWELL COUNTY, ILLINOIS, an Illinois Local Governmental Entity, ROBERT HUSTON, Sheriff of Tazewell County, Illinois, in His Individual & Official Capacities; MICHAEL HARPER, a Sergeant of the Tazewell CountyJail, in His Individual Capacity, JOEL BROWN, a Jail Officer of the Tazewell County Jail, in His Individual Capacity, ERIC RASMUSSEN, a Jail Officer of the Tazewell County Jail, in His Individual Capacity and SCHAD MARTIN, a Jail Officer of the Tazewell County Jail, in His Individual Capacity, in the amount of FIVE MILLION DOLLARS ($5,000,000).

2. For punitive damages in favor of the Plaintiff, CHARLES L. CHANDLER, and against

    A.   *Defendant, ROBERT HUSTON, Sheriff of Tazewell County, Illinois, in His Individual Capacity in the amount of TWO HUNDRED FIFTY THOUSAND DOLLARS ($250,000);*

    B.   Defendants, MICHAEL HARPER, a Sergeant of the Tazewell CountyJail, in His Individual Capacity, JOEL BROWN, a Jail Officer of the Tazewell County Jail, in His Individual Capacity, ERIC RASMUSSEN, a Jail Officer of the Tazewell County Jail, in His Individual Capacity and SCHAD MARTIN, a Jail Officer of the Tazewell County Jail, in His Individual Capacity in the amount of ONE HUNDRED THOUSAND DOLLARS ($100,000) against each Defendant.

3. An award of Plaintiff's attorney's fees and expenses incurred in prosecuting this action as a part of costs under 42 U.S.C. § 1988.

### PLAINTIFF DEMANDS A TRIAL BY JURY

Respectfully submitted,

s/ Richard L. Steagall
RICHARD L. STEAGALL,
Attorney for the Plaintiff

14

| **CERTIFICATE OF SERVICE** |
|---|

I hereby certify that on **March 31, 2008**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Peter R. Jennetten
Quinn, Johnston, Henderson & Pretorius, Chtd
227 NE Jefferson
Peoria, IL 61602
Tel: (309) 674-1133
Fax: 309-674-6503
Email: pjennetten@qjhp.com

Mr. Michael P Holly
Assistant State's Attorney Tazewell County
342 Court Street
Pekin, IL 61554
Tel: 309-477-2205
Fax: 309-477-2241
Email: mholly@tazewell.com

                                                                    s/  Richard L. Steagall
                                                                    RICHARD L. STEAGALL

RICHARD L. STEAGALL                        MARK E. WERTZ
Nicoara & Steagall                              Vonachen, Lawless, Trager
416 Main Street, Suite 815                  & Slevin
Commerce Building                            456 Fulton Street, Suite 425
Peoria, IL 61602-1115                         Peoria, IL 61602-1115
Tel: (309) 674-6085                            Tel: (309) 676-8986
Fax: (309) 674-6032                           Fax: (309) 676-4130
E-mail nicsteag@mtco.com               E-mail mwertz@vltslaw.com

15

E-FILED
Monday, 31 March, 2008  05:32:28 PM
Clerk, U.S. District Court, ILCD



8] [SHU - 8] [Mon Nov 06 2006] [22:25:35]

**Exhibit No. 1**

**No. 3 of 56 Still Photographs From Video**

E-FILED
Monday, 31 March, 2008  05:32:39 PM
Clerk, U.S. District Court, ILCD



[08] [SHU – 8] [Mon Nov 06 2006] [22:26:06]

**Exhibit No. 2**

**No. 7 of 56 Still Photographs From Video**

E-FILED
Monday, 31 March, 2008  05:32:53 PM
Clerk, U.S. District Court, ILCD



**Exhibit No. 3**

**No. 9 of 56 Still Photographs From Video**

E-FILED
Monday, 31 March, 2008  05:33:06 PM
Clerk, U.S. District Court, ILCD



**Exhibit No.  4**

**No. 13 of 56 Still Photographs From Video**

E-FILED
Monday, 31 March, 2008  05:33:19 PM
Clerk, U.S. District Court, ILCD

**Exhibit No. 5**

**Blank Page**

E-FILED
Monday, 31 March, 2008  05:33:32 PM
Clerk, U.S. District Court, ILCD



08] [SHU - 8] [Mon Nov 06 2006] [22:26:26]

**Exhibit No.  6**

**No. 16 of 56 Still Photographs From Video**

E-FILED
Monday, 31 March, 2008  05:33:52 PM
Clerk, U.S. District Court, ILCD



**Exhibit No.  7**

**No. 19 of 56 Still Photographs From Video**

E-FILED
Monday, 31 March, 2008  05:34:04 PM
Clerk, U.S. District Court, ILCD



**Exhibit No.  8**

**No. 24 of 56 Still Photographs From Video**

E-FILED
Monday, 31 March, 2008  05:34:18 PM
Clerk, U.S. District Court, ILCD



**Exhibit No.  9**

**No. 26 of 56 Still Photographs From Video**

E-FILED
Monday, 31 March, 2008  05:34:35 PM
Clerk, U.S. District Court, ILCD



[08] [SHU - 8] [Mon Nov 06 2006] [22:26:28]

**Exhibit No.  10**

**No. 28 of 56 Still Photographs From Video**

E-FILED

Monday, 31 March, 2008 05:34:51 PM
Clerk, U.S. District Court, ILCD



**Exhibit No. 11**

**No. 30 of 56 Still Photographs From Video**

E-FILED
Monday, 31 March, 2008  05:35:05 PM
Clerk, U.S. District Court, ILCD



08] [SHU - 8] [Mon Nov 06 2006] [22:26:46]

**Exhibit No.  12**

**No. 36 of 56 Still Photographs From Video**

E-FILED
Monday, 31 March, 2008 05:35:20 PM
Clerk, U.S. District Court, ILCD



**Exhibit No. 13**

**No. 40 of 56 Still Photographs From Video**

E-FILED
Monday, 31 March, 2008 05:35:38 PM
Clerk, U.S. District Court, ILCD



**Exhibit No. 14**

**No. 46 of 56 Still Photographs From Video**

E-FILED
Monday, 31 March, 2008  05:35:58 PM
Clerk, U.S. District Court, ILCD



**Exhibit No.  15**

**No. 56 of 56 Still Photographs From Video**