UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CHARLES L. CHANDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07-1296 |
| | ) | |
| TAZEWELL COUNTY, ILLINOIS, an Illinois | ) | |
| Local Governmental Entity,  ROBERT HUSTON, | ) | |
| Sheriff of Tazewell County, Illinois  in His | ) | |
| Individual & Official Capacities; MICHAEL | ) | |
| HARPER, a Sergeant of the Tazewell County | ) | |
| Jail, in His Individual Capacity, JOEL BROWN, | ) | |
| a Jail Officer of the Tazewell County Jail, in His | ) | |
| Individual Capacity, ERIC RASMUSSEN, | ) | |
| a Jail Officer of the Tazewell County Jail, in His | ) | |
| Individual Capacity, and SCHAD MARTIN, | ) | |
| a Jail Officer of the Tazewell County Jail, in | ) | |
| His Individual Capacity | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT MOTION FOR ENTRY OF DISMISSAL ORDER

Now come the Plaintiff, CHARLES L. CHANDLER, by RICHARD L. STEAGALL, his

attorney and the Defendants, TAZEWELL COUNTY, ILLINOIS, an Illinois

Local Governmental Entity, ROBERT HUSTON, Sheriff of Tazewell County, Illinois, in His

Individual & Official Capacities, by PETER R. JENNETTEN, their attorney, and for their Joint

Motion state:

1.      The parties have entered into a Settlement Agreement and Release – which is filed

with this Joint Motion – for a lump sum and periodic payments in the future to plaintiff and

release of all the claims asserted or which may have been asserted in this underlying action.  The

periodic payment provisions of the settlement agreement include a provision precluding

assignment of those periodic payments by the plaintiff.

2.      This is an action under the Civil Rights Act of 1871. 42 U.S.C. § 1983.  Federal question jurisdiction exists. 42 U.S.C. § 1343 (a)(4).  The terms of a release of a federal claim are governed by federal law. *Dice v. Akron, C. & Y. R. Co.* 342 U.S. 359, 72 S.Ct. 312 (1952) (Federal Employer's Liability Act action holding affirmative defense of release is a matter of federal law to be decided by the jury); *Town of Newton v. Rumery*, 480 U.S. 386, 393, 107 S.Ct. 1187 (1987) (settlement of Section 1983 claim).

3.      The federal court has ancillary jurisdiction to enforce the terms of a settlement or judgment against third parties who are liable to pay it. *Wilson v. City of Chicago*, 120 F.3d 681, 687 (7th Cir. 1997)(holding municipality liable for payment of Section 1983 judgment under Section 9-102 of the Illinois Local Governmental Tort Immunity Act, 745 ILCS 10/9-102 (2006), may be joined before or after judgment for collection).

4.      The underlying claims against the defendants, which have been compromised and settled under the Release and Settlement Agreement, are to be dismissed with prejudice.

5.      The court retains ancillary jurisdiction to enforce the provisions for the periodic payment of the settlement against the American General Life Insurance Company and the anti-assignment provisions.

6.      Rule 41 (a)(2) provides dismissals are on such terms as the court deems proper. The retention of jurisdiction provided in the proposed Order of Dismissal is expressly approved by the Supreme Court. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381, 114 S.Ct. 1673 (1994) (holding in diversity action court has jurisdiction to resolve enforcement of settlement contract – which does not meet the amount of controversy –  if dismissal order

2

provides for retention of jurisdiction to enforce settlement contract).

**WHEREFORE**, Plaintiff, CHARLES L. CHANDLER, and Defendants, TAZEWELL COUNTY, ILLINOIS, an Illinois Local Governmental Entity, ROBERT HUSTON, Sheriff of Tazewell County, Illinois, in His Individual & Official Capacities, in His Individual Capacity, pray the Court enter the Order of Dismissal submitted with this Joint Motion.

Respectfully submitted,


/s Richard L. Steagall (with consent)
Attorney for the Plaintiff


s/ Peter R. Jennetten
Attorney for the Defendants

3

**E-FILED**
Wednesday, 09 July, 2008  05:40:47 PM
Clerk, U.S. District Court, ILCD

<u>**SETTLEMENT AGREEMENT AND RELEASE**</u>

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Settlement Agreement") is entered into this _____ day of June 2008 by Charles L. Chandler (the "Plaintiff"), Tazewell County, Illinois, an Illinois Local Governmental Entity, Robert Huston, individually and as Sheriff of Tazewell County, Illinois, (each a "Defendant" and collectively, if applicable, the "Defendants") and St. Paul Fire and Marine Insurance Company (the "Insurer").

**RECITALS**

A.  On or about the 5th day of November, 2007, the Plaintiff filed a complaint in the United States District Court, Central District of Illinois, Peoria Division, Case No. 07-1296 and filed an amended complaint on the 31st day of March, 2008 (the "Action").  In the Action, the Plaintiff alleges that he sustained injuries and damages because of certain acts or omissions of the Defendant(s), their employees or agents (hereinafter the "Occurrence").  In the Action, the Plaintiff seeks to recover monetary damages on account of personal physical injuries or physical sickness.

B.  Each Defendant is a party to the Action.

C.  The Insurer is the liability insurer of the Defendant(s) and as such, would, subject to all terms and conditions of the Insurer's policy, be obligated to pay any judgment obtained against the Defendant(s) which is covered by the policy.

D.  The parties desire to enter into this Settlement Agreement in order to provide for certain payments in full settlement and discharge of all claims arising from or relating to the Occurrence, upon the terms and conditions set forth herein.

**AGREEMENT**

The parties agree as follows:

**1.0    Release and Discharge**

1.1    In consideration of the payments provided for in this Settlement Agreement, the Plaintiff hereby completely releases, acquits and forever discharges the Tazewell County, Illinois, an Illinois Local Governmental Entity, Robert Huston, individually and as Sheriff of Tazewell County, Illinois, Michael Harper, Joel Brown, Eric Rasmussen and Schad Martin and the Insurer, including its and their respective past, present, and future officers, directors, stockholders, attorneys, agents, principals, servants, representatives, employees, heirs, executors, administrators, predecessors and successors in interest, subsidiaries, affiliates, partners, privies, assigns, and insurers (including reinsurers) and all other persons (including entities) which are or might be claimed to be liable to such Plaintiff in connection with the Occurrence (all of the foregoing being hereinafter collectively referred to as the "Released Parties") from

any and all claims, demands, actions, causes of action, damages, injuries, liabilities and costs (including attorneys' fees) whatsoever, of any and every kind and description, whether known or unknown, now existing or hereafter arising (all of the foregoing being hereinafter collectively referred to as "Claims/Liabilities") arising from, by reason of or in connection with the Occurrence, including but not limited to Claims/Liabilities based on tort, contract, wrongful death or any other common law or statutory cause of action or any violation of statutory or regulatory obligations, any Claims/Liabilities arising out of the sale and issuance of, coverage under, or investigation, handling and settlement of claims under any policy of insurance issued by any of the Released Parties and any Claims/Liabilities arising out of the negotiation, execution, delivery and performance of this Settlement Agreement or the purchase of an annuity contract by the Insurer or an Assignee, as provided in Section 4 below. The Plaintiff specifically agrees that the Released Parties and the Insurer shall be released and discharged from any liability to any lienholder or subrogee (including, but not limited to any state accident fund or injured worker's insurance fund), that may have any interest in amounts recovered by such Plaintiff with respect to the Occurrence and that any such lien or claim of subrogation will be satisfied and discharged solely from the amounts payable under Section 2 of this Settlement Agreement.

    1.2    The Plaintiff acknowledges and agrees that the release and discharge set forth above is a general release. The Plaintiff knowingly waives, and assumes the risk of, any and all claims of any nature whatsoever, which exist as of this date but which such Plaintiff does not know or suspect to exist, including without limitation claims which, if known, would have materially affected such Plaintiff's decision to enter into this Settlement Agreement.  The Plaintiff hereby confirms that such Plaintiff understands that facts relating to the Occurrence may turn out to be other than or different from the facts now known or believed by such Plaintiff to be true; such Plaintiff knowingly assumes that risk and acknowledges and agrees that this Settlement Agreement shall remain in effect and shall not be subject to termination or revocation by reason of any such different facts.

    1.3    The Plaintiff further agrees that such Plaintiff has entered into this Settlement Agreement as a complete compromise and in full satisfaction of matters involving disputed issues of law and fact.  All Parties stipulate that this Settlement Agreement is entered into in good faith as a compromise of a doubtful and disputed claim, and neither the payments provided for under Section 2 nor anything else contained in this Agreement may be construed as an admission of liability on the part of any Released Party, any such liability being expressly denied.

    1.4    The Plaintiff shall defend, indemnify and hold the Released Parties and the Insurer harmless from and against (i) any and all claims, demands, actions, causes of action, damages and costs (including attorneys' fees) arising out of or by reason of the Occurrence that have been or may hereafter be brought by or on behalf of such Plaintiff, including without limitation, any state accident fund or injured worker's

insurance fund; and (ii) any and all liens that may apply to the settlement provided for herein.

1.8    The Plaintiff further covenants and agrees on its own behalf and for such Plaintiff's successors, heirs, administrators, executors and permitted assigns, that if such Plaintiff files a lawsuit or otherwise makes a claim against anyone other than the Released Parties for damages as a result of the Occurrence or treatment of injuries arising out of the Occurrence, and if as a result of that suit or claim, claims and/or demands are made against any of the Released Parties, such Plaintiff will indemnify and save each of the Released Parties harmless from any and all claims, demands, actions, causes of action, damages and costs (including attorneys' fees) which any of the Released Parties incurs in defense of any such claims or demands or becomes obligated to pay to anyone as a result of the Occurrence or treatment of injuries arising out of the Occurrence.

## 2.0    <u>Payments</u>

In consideration of the release set forth above, Tazewell County, Illinois and Insurer agrees to pay the following sums in the manner described below:

2.1    Payments due at the time of settlement as follows:

$290,000.00 made payable to Charles L. Chandler and his attorneys Richard L. Steagall, Esq. and Mark E. Wertz, Esq.

2.2    Periodic Payments made according to the following schedule (the "Periodic Payments") to the individual(s) designated below and, in the case of any payment to be made following the death of any such individual, to such individual's Contingent Beneficiary, as designated under Section 8 of this Settlement Agreement (each individual designated below and each such Contingent Beneficiary being hereinafter referred to as a "Payee"):

a.  Monthly Payments to Charles L. Chandler:  Starting March 8, 2024, $1,000.00 per month payable for 180 months (15 years) certain and guaranteed.

b.  Monthly Payments to Charles L. Chandler:  Starting March 8, 2039, $4,194.27 per month payable for 240 months (20 years) certain and guaranteed and for the lifetime thereafter of Charles L. Chandler.

2.3    Periodic Payments to a Payee may be delayed if (i) such Payee fails to provide the Annuity Issuer with current address or banking information, as required under Section 4 of this Settlement Agreement, or (ii) if a Payee dies and the Annuity Issuer does not receive appropriate written direction from the contingent beneficiary designated under Section 8 of this Settlement Agreement (including, if the contingent beneficiary is the estate of the deceased Payee, letters of appointment or equivalent

proof of the authority of the executor, personal representative or administrator of the estate).

2.4    All payments provided for herein constitute damages on account of personal physical injuries and/or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. Except for the Periodic Payments, all amounts specified above shall be due and payable not later than ten (10) business days after the effective date of this Settlement Agreement as determined under Section 17.0 below.

## 3.0    Modification or Transfer of Payment Rights

3.1    The Plaintiff acknowledges and agrees that neither the Periodic Payments nor any rights thereto or interest therein (collectively, " Payment Rights") can be (i) accelerated, deferred, increased or decreased by such Plaintiff or any other Payee; or  (ii) sold, assigned, pledged, hypothecated or otherwise transferred or encumbered, either directly or indirectly, by such Plaintiff or any other Payee. No Plaintiff or other Payee shall have the power to effect, directly or indirectly, any such sale, assignment, pledge, hypothecation, transfer or encumbrance. Any purported sale, assignment, pledge, hypothecation, transfer or encumbrance of Payment Rights by any Plaintiff or other Payee shall be wholly void.

3.2    The United States District Court for the Central District of Illinois shall retain jurisdiction of Case No. 07-1296 to enforce the terms of this settlement, including the provisions of Section 3.1 above.

## 4.0    Annuity Purchase

4.1    The Insurer or, in the event of a qualified assignment (as provided in Section 5 below), the Assignee, may fund the obligation to make the Periodic Payments through the purchase of an annuity contract from American General Life Insurance Company (the "Annuity Issuer"). The Insurer or, if applicable,  the Assignee shall be the sole owner of any such annuity contract and shall have all rights of ownership and control of such annuity contract. The Insurer or the Assignee, as applicable, may have the Annuity Issuer mail payments directly to any Payee or deliver payments by electronic funds transfer to an insured deposit account in the Payee's name at an FDIC-insured institution in the United States. The Payee shall at all times keep the Annuity Issuer apprised of such Payee's current street address and telephone number and, if such Payee receives payments by electronic funds transfer, the name, address, bank identifier number (BIN) and telephone number of the Payee's depository institution and the account number of the Payee's account at such institution.

4.2    The Plaintiff is hereby notified that a portion of any money spent to purchase an annuity or other asset to fund a structured settlement may be used by the issuer of such annuity or other funding asset to pay commissions or other fees.

## 5.0    Consent to Qualified Assignment

5.1    The Plaintiff acknowledges and agrees that the Insurer may make a "qualified assignment," within the meaning of Section 130(c) of the Internal Revenue Code of 1986, as amended, of the obligation to make the Periodic Payments to American General Annuity Service Corporation (the "Assignee").  The Assignee's obligation for payment of the Periodic Payments shall be no greater than that of the Insurer immediately preceding the assignment of the Periodic Payments obligation.

5.2    Any such assignment, if made, shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the Insurer from any and all obligations to make the Periodic Payments. The Plaintiff recognizes and acknowledges that in the event of such an assignment, the Insurer shall have no further obligation to make any of the Periodic Payments. If so requested by the Insurer the Plaintiff shall execute the qualified assignment to confirm such Plaintiff's acceptance of the assignment and such Plaintiff's release and discharge of the Insurer.

## 6.0    Discharge of Obligation

The obligation of the Insurer or the Assignee to make each Periodic Payment to the Payee designated to receive such payment shall automatically be discharged upon the mailing of a valid check in the amount of such payment to the address of such Payee most recently designated pursuant to Section 4 of this Settlement Agreement or upon completion of an electronic funds transfer in the amount of such payment to the deposit account of such Payee most recently designated pursuant to Section 4 of this Settlement Agreement.

## 7.0    Attorneys' Fees

Except for any payment of attorneys' fees provided for in Section 2.0 above, each party hereto shall be solely responsible for payment of such party's own attorneys' fees and costs in connection with the Occurrence, the Action, the negotiation, documentation and implementation of this Settlement Agreement, including without limitation the dismissal of the Action, and all other matters arising from or related to the Occurrence or the Action.

### 8.0    Contingent Beneficiaries

Any payments to be made after death of any Payee pursuant to the terms of this Settlement Agreement shall be made to such party (the "Contingent Beneficiary") as shall have been designated in writing to the Insurer or the Assignee, as applicable, by a Payee authorized to make such designation.  If no such Contingent Beneficiary has been designated, or if no such Contingent Beneficiary is living at the time of a Payee's death, payments shall be made to the estate of the deceased Payee.  No designation of a Contingent Beneficiary and no revocation of any such designation, shall be effective unless it is in writing, in a form acceptable to the Insurer or the Assignee, as applicable, duly executed by the Payee and delivered to the Insurer or Assignee, as applicable.  Unless otherwise expressly provided in this Settlement Agreement, any designation of a Contingent Beneficiary made by a Payee shall be deemed to be revocable, and no party designated as a Contingent Beneficiary by any Payee shall, by virtue of such designation, be deemed to have any cognizable interest in any Periodic Payments prior to the death of the Payee that has designated such party as a Contingent Beneficiary.

### 9.0    Dismissal of Action with Prejudice

9.1    Within seven (7) days after this Settlement Agreement becomes effective, as provided in Section 17.0, the undersigned attorney(s) for the Plaintiff(s) shall deliver to counsel for the Defendant(s) a stipulation of dismissal, duly executed by such attorney(s) on behalf of the Plaintiff, dismissing the Action with prejudice.  The Plaintiff hereby acknowledges and confirms that such Plaintiff has authorized such Plaintiff's attorney(s) to execute and deliver such stipulation on such Plaintiff's behalf; and the Plaintiff hereby authorizes counsel for the Defendant(s) and or the Insurer to file said dismissal with the court and enter it as matter of record.

9.2    The stipulation to dismiss and order of dismissal shall provide that it is being entered to complete the terms of a written agreement between the parties to settle this action and the district court expressly retains jurisdiction to enforce the terms of that settlement agreement.  *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 114 S.Ct. 1673 (1994).

### 10.0   Warranty of Capacity to Execute Agreement

The Plaintiff represents and warrants that (i) except as otherwise specifically set forth herein no other person or entity has or has had any interest in the claims, demands, actions, or causes of actions referred to in this Settlement Agreement; (ii) such Plaintiff has the sole right and exclusive authority to enter into this Settlement Agreement (including granting the releases provided for herein and receiving the payments specified for such Plaintiff in Section 2); and (iii) such Plaintiff has not sold, assigned, encumbered or otherwise transferred or conveyed to any other party any of

the claims, demands, actions or causes of action referred to in this Settlement Agreement or any interest in any such claims, demands, actions or causes of action.

## 11.0    Entire Agreement; Binding Effect; Benefit of Agreement

This Settlement Agreement, together with any annuity contract purchased to fund the Periodic Payments and any qualified assignment made by the Insurer, constitutes the entire agreement between the Plaintiff(s) and the Defendant(s) and the Insurer with respect to the matters set forth herein, and it supersedes any and all prior oral or written agreements, commitments or understandings with respect to such matters. This Settlement Agreement shall be binding upon, shall inure to the benefit of and shall be enforceable only by, the parties hereto, any other person designated as a Payee hereunder, any Assignee (as defined in Section 5.1) and the respective successors, heirs, executors, administrators and permitted assigns of any of the foregoing.  No other person or entity shall have any rights under this Settlement Agreement or be entitled to bring any action to enforce any of its provisions.  The rights of any permitted assignee of any party shall be subject to all terms of this Settlement Agreement and any defense or claim in recoupment arising under or in connection with the Occurrence or this Settlement Agreement.

## 12.0    Legal and Tax Advice; Comprehension of Agreement

In entering into this Settlement Agreement, the Plaintiff represents that such Plaintiff has relied solely upon the legal and tax advice of such Plaintiff's own attorneys and other advisers, who are the attorneys and advisers of such Plaintiff's choice, that the terms of this Settlement Agreement have been completely read and explained to such Plaintiff by such attorneys and that such terms are fully understood and voluntarily accepted by such Plaintiff.

## 13.0    Governing Law

This Settlement Agreement shall be governed by and interpreted in accordance with the internal laws of the State of Illinois.

## 14.0    Additional Documents

All parties agree to cooperate fully and to execute and deliver any and all supplementary documents and to take any and all additional actions which may be necessary or appropriate to give effect to the terms and intent of this Settlement Agreement.

**15.0   Payee Representative**

If at any time any Payee is for any reason legally incapable of acting on such Payee's own behalf, all notices, designations, or instruments required or permitted to be executed by or delivered to such Payee and all payments required to be made to such Payee may, without liability to the Released Parties or the Insurer or any Assignee, be executed and delivered to or by, and paid to, any legal guardian, conservator, custodian, or trustee (any of the foregoing being hereinafter referred to as a "Representative") appointed to act for such Payee or with respect to such Payee's property.  All payments made to any Representative shall be held and applied by such Representative solely for the benefit of the Payee for whom such representative acts.

**16.0   Amendment**

This Settlement Agreement can be modified or amended only by an instrument in writing duly executed by each of the parties hereto and, if the Insurer has made a qualified assignment, by the Assignee.

**17.0   Effectiveness**

This Settlement Agreement shall become effective on the first date on which it has been executed by all of the parties; provided, however, that if the effectiveness and implementation of this Settlement Agreement, as it applies to any Plaintiff, requires the prior approval of a court, then this Settlement Agreement shall become effective at such time as it has been approved by order of the appropriate court and such order has become final and non-appealable.

**IN WITNESS WHEREOF,** the Parties hereto have duly executed this Settlement Agreement in multiple counterparts.

_____
**Charles L. Chandler, Plaintiff**

_____
**Richard L. Steagall, Esq., Plaintiff's Attorney**

_____
**St. Paul Fire & Marine Insurance Company**

**E-FILED**
Wednesday, 09 July, 2008  05:41:53 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| CHARLES L. CHANDLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07-1296 |
| | ) | |
| TAZEWELL COUNTY, ILLINOIS, an Illinois | ) | |
| Local Governmental Entity,  ROBERT HUSTON, | ) | |
| Sheriff of Tazewell County, Illinois  in His | ) | |
| Individual & Official Capacities; MICHAEL | ) | |
| HARPER, a Sergeant of the Tazewell County | ) | |
| Jail, in His Individual Capacity, JOEL BROWN, | ) | |
| a Jail Officer of the Tazewell County Jail, in His | ) | |
| Individual Capacity, ERIC RASMUSSEN, | ) | |
| a Jail Officer of the Tazewell County Jail, in His | ) | |
| Individual Capacity, and SCHAD MARTIN, | ) | |
| a Jail Officer of the Tazewell County Jail, in | ) | |
| His Individual Capacity | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER OF DISMISSAL

This matter has come before the court on the Joint Motion for Dismissal.  The parties have entered into a settlement of all claims on payment of a lump sum and periodic payments in the future, which is submitted with the Joint Motion.

IT IS ORDERED:

1.     The Settlement Agreement and Release entered into between the parties is approved.

2.     The court retains jurisdiction to enforce the periodic payment, preclusion of assignment, and all other provisions of the Settlement Agreement and Release under Rule 41 (a)(2) of the Federal Rules of Civil Procedure. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381, 114 S.Ct. 1673 (1994).

3.     The claims asserted against the defendants or which may have been asserted against the defendants or any other party arising out of the incident that is the subject of the action and this action are dismissed with prejudice,.

ENTER: _____

_____
United States District Judge
or Magistrate Judge

2